# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALBERTO JAUREGUI, individually,

           Plaintiff,

vs.

MID-CENTURY INSURANCE COMPANY, *et al.*,

           Defendants.

Case No.: 2:16-cv-01496-GMN-NJK

**ORDER**

Pending before the Court is the Motion to Remand, (EFC No. 9), filed by Plaintiff Alberto Jauregui ("Plaintiff"). Defendant Mid-Century Insurance Company ("Mid-Century") filed a Response, (ECF No. 11), and Plaintiff filed a Reply, (ECF No. 13). For the reasons discussed below, Plaintiff's Motion to Remand is **GRANTED**.

## I.    BACKGROUND

Plaintiff originally filed his Complaint in state court alleging breach of contract and bad faith in violation of NRS § 686A.310 against Defendant Geico General Insurance Company ("Geico") and Mid-Century (collectively "Defendants"). (Compl. ¶¶ 12–33, ECF No. 1-2). As to Mid-Century, Plaintiff alleges that Mid-Century failed to honor an uninsured/underinsured motorist ("UIM") policy to which Plaintiff is a third party beneficiary. (*Id.* ¶¶ 8–10). On June 23, 2016, Mid-Century removed the action, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Removal ¶ 4, ECF No. 1). Specifically, Mid-Century asserts that Plaintiff is domiciled in Nevada and that Mid-Century is domiciled in California. (*See id.* ¶ 5). Mid-Century further states that "[i]n addition to compensatory damages . . . [i]t is clear that Plaintiff is seeking punitive damages in excess of $75,000.00." (*Id.* ¶ 6).

On June 28, 2016, Plaintiff filed the instant Motion to Remand. (Mot. to Remand, ECF No. 9). Plaintiff asserts that Mid-Century has failed to show that the amount in controversy is sufficient to raise subject matter jurisdiction. (*Id.* 1:25–28).

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

District courts have subject matter jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no

plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### III. DISCUSSION

In this case, Mid-Century bases removal of this action solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Although neither party disputes that the complete diversity requirement is satisfied, Mid-Century has failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

First, Mid-Century argues that the amount in controversy is met given Plaintiff's "demand for $50,000.00 in UIM benefits from [Mid-Century], which is over and above his demand for UIM benefits from [Plaintiff's] own carrier, Geico." (Resp. 6:11–14, ECF No. 11). However, there is no indication on the record that Plaintiff has made a policy-limits demand. Further, these demands are not present on the face of the Complaint. Instead, Plaintiff's Complaint merely seeks compensatory damages in excess of $10,000 for each of his four claims, as well as an unspecified amount for punitive damages, prejudgment interest, and attorneys' fees. (Compl. 9:1–20 Ex. 2, ECF No. 1-2).

In line with the presumption against removal jurisdiction, the Ninth Circuit has held that a defendant's bare assertion of the amount in controversy, devoid of any indication from the face of the complaint, is not enough to establish federal jurisdiction. *See Matheson*, 319 F.3d at 1091. In *Matheson*, the complaint sought "in excess of $10,000 for economic loss, 'in excess' of $10,000 for emotional distress, and 'in excess' of $10,000 for punitive damages." *Id.* However, the complaint did not specify how much "in excess" the plaintiff was seeking. *Id.* Accordingly, the Ninth Circuit held that this assertion alone was insufficient to find that the defendant "made the required showing of the amount in controversy." *Id.*

The request for relief contained in Plaintiff's Complaint closely mirrors that found in *Matheson*. *Id.* In *Matheson*, the plaintiff asked for at least $30,000, well below the

jurisdictional amount. *Id.* Similarly, Plaintiff seeks at least $40,000. Additionally, as in *Matheson*, Plaintiff does not specify how much in excess of $40,000 he is seeking. Therefore, Mid-Century's bare assertions are insufficient to find that Mid-Century made the required showing of the amount in controversy.

Second, Mid-Century argues that "while [Plaintiff] asserts the amount in controversy is not met, he will not stipulate to the same." (Resp. 2:10–11). This argument is also unpersuasive. Mid-Century fails to provide any legal authority that attributes any significance to Plaintiff's decision not to stipulate that the amount in controversy does not exceed $75,000. In fact, many district courts within this circuit have declined to consider a refusal to stipulate to damages below the jurisdictional amount when determining whether the amount in controversy requirement is met. *See, e.g.*, *Soriano v. USAA Ins. Agency, Inc.*, No. 3:09-cv-00661-RCJ-RAM, 2010 WL 2609045 (D. Nev. June 24, 2010); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998).

Third, Mid-Century further asserts that the punitive damages sought by Plaintiff "may [w]ell [e]xceed [t]he [j]urisdictional [l]imit" by themselves. (Resp. 6:16–22). In support of this contention, Mid-Century lists five cases in which punitive damage awards exceeded $75,000. *See, e.g.*, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (l991); *Banker's Life & Cas. Co. v. Crewnshaw*, 486 U.S. 71 (1988); *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530 (D.S.C. 1999).

While Mid-Century is correct that the Court can, in some instances, consider a potential award of punitive damages within the amount in controversy, "it is not enough to tell the Court that [p]laintiffs seek punitive damages, [d]efendant must come forward with evidence showing the likely award if [p]laintiffs were to succeed in obtaining punitive damages." *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003); *see also Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Furthermore, the Court cannot consider

awards issued in other actions unless Mid-Century points to specific commonalities which raise an inference that a similar award is possible in the instant case. *See, e.g.*, *Conrad Assocs.*, 994 F. Supp. at 1201.  Mid-Century makes no attempt to illuminate factual similarities which raise an inference that a jury might award a similar amount of punitive damages in this case.  In addition, all but one of the punitive damage awards were awarded by juries outside of Nevada.

Mid-Century likewise fails to satisfy its evidentiary burden as to the single Nevada jury award it cites, *Tracey v. American Family Insurance, Co*., No. 2:09-cv-1257-GMN-PAL, 2010 WL 5477751, at *1 (D. Nev. Dec. 30, 2010).  Mid-Century notes that the plaintiffs in both the present action and in *Tracey* allege violations of NRS § 686A.310 based on UIM policies. (*See* Resp. 8:19–20); *Tracey*, 2010 WL 5477751, at *1.  Mid-Century provides no additional factual parallels between the two cases.  In *Tracey*, the Court held that the "[p]laintiff provided sufficient evidence at trial that it was forced to litigate the matter because [d]efendant failed to timely pay the policy limits." *Tracey*, 2010 WL 5477751, at *6.  Mid-Century does not explain the similarities between the circumstances in this case and the evidence presented in *Tracey* that was persuasive to that jury.  Without a comparison of the injuries or the conduct of the insurers in each case, Mid-Century has provided no basis for the Court to conclude that an award for Plaintiff's NRS § 686A.310 claim could be comparable to the award in *Tracey*.

For the reasons discussed above, Mid-Century has failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and the case must be remanded to state court.

/ / /

/ / /

/ / /

/ / /

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 9), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be **REMANDED** to the Eighth Judicial District Court for the State of Nevada, County of Clark.

**DATED** this __13__ day of October, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge